[Cite as *State v. Bonnell*, 2019-Ohio-1207.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

RANDALL BONNELL

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 18 CAA 11 0087

O P I N IO N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Delaware County Court of Common Pleas, Case No. 11-CR-I-10-0542 |
| JUDGMENT: | Vacated; Final Judgment Entered |
| DATE OF JUDGMENT ENTRY: | April 2, 2019 |
| APPEARANCES: | |

For Plaintiff-Appellee

HAWKEN FLANAGAN
Assistant Prosecuting Attorney
145 N. Union Street, 3rd Floor
Delaware, Ohio  43015

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road, Suite 200
Westerville, Ohio  43082

*Hoffman, P.J.*

{¶1} Appellant Randall Bonnell appeals the judgment entered by the Delaware County Common Pleas Court resentencing him to an aggregate term of 101 months incarceration, with a mandatory term of three years post-release control. Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On August 26, 2010, Appellant and Raymond Bush attempted to break into a vending machine at the Red Roof Inn in Grove City. In the process, they ruptured a water line, causing a room to flood. They fled without stealing any money. On November 22, 2010, March 23, 2011, and October 3, 2011, they broke into vending machines at a Best Western Hotel in Delaware County, stealing approximately $117 in change and damaging machines owned by the Scioto Vending Company. Police arrested them as they drove away from the hotel on October 3, 2011.

{¶3} A Delaware County grand jury indicted Appellant for engaging in a pattern of corrupt activity, possessing criminal tools, obstructing official business, three counts of burglary, and four counts each of theft and tampering with coin machines. Appellant subsequently pled guilty to three third-degree-felony counts of burglary and one fifth-degree-felony count of tampering with coin machines, and the remaining counts were dismissed.

{¶4} At the sentencing hearing, the trial court heard arguments from the parties, but no one addressed whether the sentences should be served concurrently or consecutively. The court then sentenced appellant to 30 months in prison for each burglary and 11 months in prison for tampering with coin machines, imposing consecutive sentences for an aggregate term of eight years and five months in prison.

**{¶5}** Appellant appealed to this Court, asserting the imposition of consecutive sentences was contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4). *State v. Bonnell,* 2012–Ohio–5150, 2012 WL 5398071, ¶ 5. We determined the trial court's statements at the sentencing hearing "when coupled with the trial court's acknowledgement that it has read and considered the PSI are sufficient to satisfy the factual findings requirement under R.C. 2929.1[4](C)(4)." *Id.* at ¶ 11.

**{¶6}** The Ohio Supreme Court granted Appellant's discretionary appeal. The Supreme Court held in order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and to incorporate its findings into its sentencing entry, but the court is not obligated to state reasons to support its findings. *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014–Ohio–3177, syllabus. The Supreme Court concluded the trial court failed to make the required finding consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and remanded the case to the trial court. *Id.* at ¶ 36.

**{¶7}** The trial court imposed the same sentence on remand. Appellant appealed to this Court, arguing the trial court's finding of proportionality was unsupported by the record. We affirmed the sentence imposed by the trial court. *State v. Bonnell*, 5th Dist. Delaware No. 14 CAA 10 0063, 2015-Ohio-2367.

**{¶8}** On August 27, 2018, Appellant filed a pro se motion for judicial release, which the trial court denied on September 10, 2018. On October 5, 2018, the trial court notified Appellant a hearing would be held on October 29, 2018, for the purpose of correcting the advisement of post-release control contained in the September 9, 2014,

sentencing entry. After hearing, the trial court filed a nunc pro tunc entry imposing a mandatory term of post-release control of three years.

**{¶9}** It is from the October 30, 2018 nunc pro tunc sentencing entry Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT ERRED BY RETROACTIVELY APPLYING AMENDMENTS TO R.C. 2967.28 ENACTED BY 2012 AM. SUB. S.B. 160.

II. BY APPLYING THE 2013 AMENDMENT TO R.C. 2967.28 RETROACTIVELY, THE TRIAL COURT VIOLATED ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION, WHICH PROHIBITS THE GENERAL ASSEMBLY FROM ENACTING RETROACTIVE LAWS.

III. BY APPLYING THE 2013 AMENDMENT TO R.C. 2967.28 RETROACTIVELY, THE TRIAL COURT VIOLATED ARTICLE I, SECTION 10 OF THE U.S. CONSTITUTION, WHICH PROHIBITS THE STATES FROM ENACTING EX POST FACTO LAWS.

IV. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS AND FUNDAMENTAL FAIRNESS BY AMENDING POST-RELEASE CONTROL TO MAKE IT MANDATORY.

V. APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STATE AND FEDERAL CONSTITUTIONS WAS VIOLATED WHEN COUNSEL FAILED TO MAKE SPECIFIC OBJECTIONS BASED ON RETROACTIVITY, EX POST FACTO LAWS, AND DUE PROCESS.

I.-V.

**{¶10}** Appellant's five assignments of error all raise the same general issue: whether the trial court erred in applying R.C. 2967.28 retroactively to impose a mandatory term of three years post-release control on Appellant. He asks this Court to vacate the nunc pro tunc entry and reinstate the sentencing entry of September 9, 2014, which properly imposed a discretionary term of post-release control.

**{¶11}** The state of Ohio has conceded the merits of Appellant's argument in its brief. Accordingly, the assignments of error are sustained.

**{¶12}** The October 30, 2018 nunc pro tunc entry is vacated. Pursuant to App. R. 121(B), we hereby enter final judgment reinstating the sentencing entry filed September 9, 2014.

By: Hoffman, P.J.
Wise, John, J. and
Baldwin, J. concur